TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR RECONSIDERATION EN BANC








NO. 03-08-00651-CV






In re James Norton, Jr.







ORIGINAL PROCEEDING FROM BELL COUNTY





D I S S E N T I N G O P I N I O N 

 Because I believe that Norton's petition for writ of mandamus should be granted
pursuant to In re Poly-America, L.P., 262 S.W.3d 337 (Tex. 2008), I respectfully dissent from the
denial of the motion for en banc reconsideration. In In re Poly-America, the Texas Supreme Court,
reviewing an arbitration agreement related to a retaliatory discharge claim, held that an arbitration
agreement covering statutory claims is invalid if it waives "the substantive rights and remedies the
statute affords" and that because the retaliatory discharge statute allows claimants to seek
reinstatement and punitive damages, a provision in the arbitration agreement waiving these remedies
was unconscionable. Id. at 349, 352; see also Tex. Lab. Code Ann. § 451.002 (West 2006). While
the court did allow the validity of the arbitration agreement's fee-splitting provision to be determined
by the arbitrator, the retaliatory discharge statute contains no statutory right to any particular fee
arrangement. See id. §§ 451.001-.003 (West 2006). 

 In the present case, Norton brings claims under certain usury provisions of the finance
code and the Texas Debt Collection Act--statutes which specifically provide a right to attorney's
fees. See Tex. Fin. Code Ann. §§ 349.001(a)(2), .002(b), .004(2), 392.403(b) (West 2006). Because
Norton has a right to seek attorney's fees under the relevant statutes, the fee provisions of the
arbitration agreement requiring Norton to bear his own costs are similar to the provisions waiving
reinstatement and punitive damages in In re Poly-America. Where, as here, a statutory right has been
waived in the arbitration agreement, the courts, rather than an arbitrator, should resolve questions
of unconscionability. Accordingly, I respectfully dissent.



 

 Diane M. Henson, Justice

Filed: April 17, 2009